IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOSE PARRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, CRAIG SWISTOWICZ, | ) |
| and OTHER UNKNOWN OFFICERS | ) |
| | ) |
| Defendants. | )    JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, JOSE PARRA, by and through his attorneys, LOEVY & LOEVY, and complaining of Defendants, CITY OF CHICAGO, CRAIG SWISTOWICZ, and UNKNOWN OFFICERS (collectively "Defendant Officers"), states as follows:

### Introduction

1.   This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2.   This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

3.   Venue is proper under 28 U.S.C. § 1391(b).  On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

**Factual Allegations**

4.    Plaintiff Jose Parra is a twenty-five year old man who at all relevant times hereto resided in Chicago, Illinois.

5.    On September 13, 2007, Mr. Parra went with a friend to a car repair shop near 77th and Western Streets in Chicago.

6.    A few minutes after Mr. Parra arrived at the shop, several police officers entered the shop with guns drawn.

7.    One of the officers ordered Mr. Parra to lie on the ground, and he complied.  While Mr. Parra was on the ground, one of the officers placed his foot on Mr. Parra's face and another officer placed him in handcuffs.

8.    Once Mr. Parra was placed in handcuffs, Chicago Police Officer Craig Swistowicz patted Mr. Parra down and found a hand gun in the front of Mr. Parra's waistband.

9.    Officer Swistowicz called Mr. Parra a "stupid Mexican motherfucker" or words to that effect, and pointed the gun at Mr. Parra's face.

10.    Officer Swistowicz proceeded to strike Mr. Parra several times about the face and head, causing his head to bounce off the car shop's concrete floor.  Officer Swistowicz continued to strike Mr. Parra even though Mr. Parra was lying on the ground handcuffed and was not a threat to anyone.

2

11.    When Officer Swistowicz was done striking Mr. Parra in the head, he proceeded to kick the lower part of Mr. Parra's body.

12.    The beating caused Mr. Parra to bleed profusely from his right eye and his nose.  Mr. Parra's eye swelled and bled so much that he could not open it.

13.    While Officer Swistowicz beat Mr. Parra, several other police officers -- whose identities and employers are currently not known -- stood by and watched the assault take place.  Some of these unknown officers laughed as Mr. Parra lay bleeding on the ground.

14.    Thereafter, one of the officers took Mr. Parra to St. Francis Hospital, where he was diagnosed with head injuries, a broken nose, facial lacerations, and strained neck ligaments.

15.    After the incident, the United States Department of Justice (DOJ) Inspector General conducted an investigation into the circumstances surrounding Mr. Parra's beating.

16.    DOJ investigators interviewed Mr. Parra, who explained what happened in the car shop.  The investigators asked Mr. Parra to take a polygraph examination.  Mr. Parra agreed to take the test, which he passed.

17.    On or around July 1, 2007, a federal grand jury returned an indictment against Officer Swistowicz for his abusive conduct toward Mr. Parra at the car shop.

## Count I -- 42 U.S.C. § 1983
## Excessive Force

18.   Each Paragraph of this Complaint is incorporated herein.

19.   As described above, the conduct of one or more of the Defendant Officers constituted excessive force in violation of the United States Constitution.

20.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with wilful indifference to Plaintiff's constitutional rights.

21.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

22.   The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.   As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b.   As a matter of both policy and practice, the City facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading Chicago Police

4

Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.    City policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department.  Police officers routinely fail to report instances of police misconduct and lie to protect each other from punishment, and go un-disciplined for doing so; and

e.    The City of Chicago has failed to act to remedy the patterns of abuse, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

23.  As a result of the misconduct described in this Count, Plaintiff has suffered injuries, including but not limited to emotional distress.

24.  Plaintiff's injuries were caused by employees of the City of Chicago, including but not limited to the individually named Defendants, who acted pursuant to the City's policies and practices in engaging in the misconduct described in this Count.

5

## Count II -- 42 U.S.C. § 1983
## Conspiracy

25. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

26. Defendant Officers reached an agreement among themselves to deprive Plaintiff of his constitutional rights and to protect one another from liability for depriving Plaintiff of his rights, all as described in the various paragraphs of this Complaint.

27. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

28. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

29. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated and he suffered injuries, including but not limited to emotional distress.

30. Plaintiff's injuries were caused by employees of the City of Chicago, including but not limited to the individually named Defendants, who acted pursuant to the City's policies and practices in engaging in the misconduct described in this Count.

6

## Count III -- 42 U.S.C. § 1983
## Failure to Intervene

31.  Each Paragraph of this Complaint is incorporated herein.

32.  As described more fully above, one or more Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had they been so inclined, but failed to do so.

33.  Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

34.  As a direct and proximate result of the misconduct described in this Count, Plaintiff's rights were violated and he suffered injuries, including but not limited to emotional distress.

35.  Plaintiff's injuries were caused by employees of the City of Chicago, including but not limited to the individually named Defendants, who acted pursuant to the City's policies and practices in engaging in the misconduct described in this Count.

## Count IV -- State Law Claim
## Assault and Battery

36.  Each Paragraph of this Complaint is incorporated herein.

37.  As described in the preceding paragraphs, the conduct of one or more Defendant Officers, acting under color of

7

law and within the scope of his/her employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff bodily injuries.

38. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

39. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

40. As a result of the offensive touching Plaintiff sustained bodily and other injuries, including but not limited to a reasonable apprehension of great bodily harm.

### Count V -- State Law Claim
### Respondeat Superior

41. Each Paragraph of this Complaint is incorporated herein.

42. In committing the acts alleged in the preceding paragraphs, Defendant Craig Swistowicz and other unknown Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

43. Defendant City of Chicago is liable as principal for all torts committed by its agents.

8

## Count VI -- State Law Claim
## Indemnification

44.  Each Paragraph of this Complaint is incorporated herein.

45.  Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

46.  Defendant Craig Swistowicz and other unknown Defendant Officers are or were employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described above.


WHEREFORE, Plaintiff, JOSE PARRA, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, CRAIG SWISTOWICZ, and OTHER UNKNOWN OFFICERS, awarding compensatory damages, punitive damages, and attorneys' fees.

### JURY DEMAND

Plaintiff, JOSE PARRA, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

9

RESPECTFULLY SUBMITTED,


  /s/ Elizabeth Mazur
Attorneys for Plaintiff


Arthur Loevy
Jon Loevy
Michael Kanovitz
Elizabeth Mazur
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

10